IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
03/12/2026
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

JAMES CLARK, LLC,     *
426 N Royal Avenue
Front Royal, VA 22630     *

                 CASE NO.  5:26cv00039

    *

*Plaintiff,*

    *

v.

    *

STATE FARM FIRE
AND CASUALTY COMPANY,     *
One State Farm Plaza
Bloomington, IL 61710     *

*Defendant.*     *

    *

## CIVIL ACTION COMPLAINT

James Clark, LLC, (hereinafter, Plaintiff") by and through its attorneys, Wheeler, DiUlio & Barnabei, P.C., files this Complaint against State Farm Fire and Casualty Company (hereinafter, "Defendant") as follows:

### THE PARTIES

1. Plaintiff, James Clark, LLC ("Plaintiff"), is a Virginia corporation with a principal place of business at 426 N Royal Avenue, Front Royal, VA 22630 (the "Property").

2. Defendant, State Farm Fire and Casualty Company ("Defendant"), is an Illinois corporation, authorized to conduct business as an insurance company within the Commonwealth of Virginia.

3. Defendant regularly conducts business and issues policies of insurance in Warren County, Virginia.

4. At all times material hereto, Defendant was acting by and through their duly authorized agents, servants, workmen or employees.

## JURISDICTION AND VENUE

1. This Court has diversity jurisdiction over the parties to this action pursuant to 28 U.S.C. §1332(a) because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

2. Venue is proper in the United States District Court for the Western District of Virginia under 28 U.S.C. § 1441(a) because the Virginia Circuit Court of Warren County is located within the Western District of Virginia.

## PLAINTIFF'S CAUSES OF ACTION

1. At all times mentioned herein, Plaintiff was the owner of the property located at 426 N Royal Avenue, Front Royal, VA 22630 (the "Property").

2. Defendant, in its regular course of business issued to Plaintiff a policy of insurance (the "Policy"), Policy No. 96-EF-Y395-2, covering Plaintiff's Property. A true and correct copy of the declarations page of said policy is attached hereto and incorporated herein as Exhibit "A".

3. In exchange for payment of premiums, Defendant agreed to insure the Property against certain covered risks, including but not limited to physical loss or damage to the dwelling and other covered property, subject to the terms, conditions, exclusions, and limits of the Policy.

4. On or about March 16, 2025, while the Policy was in full force and effect, Plaintiff suffered a sudden and accidental direct physical loss to the Property, resulting in damage and loss.

5. The Property sustained a covered loss, including but not limited to, wind and hail damage to the Property. A true and correct copy of the estimate of Plaintiff's damages is attached hereto as Exhibit "B."

6. Notice of this covered loss was given to Defendant in a prompt and timely manner and Plaintiff, at all relevant times, fully complied with all of the terms and conditions required by the Policy.

7. Defendant acknowledged Plaintiff's claim and assigned a claim number, Claim No. 46-82P6-47F.

8. Defendant, despite demand for benefits under the Policy, has refused, without legal justification or cause, and continues to refuse, to pay Plaintiff monies owed for the damages suffered as a result of the Loss.

9. Solely because of Defendant's failure and refusal to pay benefits to Plaintiff as required under the Policy, Plaintiff has suffered loss and damage in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

### COUNT I
*Breach of Contract*

1. Plaintiff incorporates by reference herein the averments set forth above, as fully as those same were here set forth at length.

2. Defendant is obligated by the terms of the contract to indemnify Plaintiff's loss.

3. Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's Loss, Defendant has not paid to Plaintiff all of the policy benefits to which Plaintiff is entitled under the Policy and has refused to provide funds sufficient to bring Plaintiff's property to pre-loss condition.

4. Defendant's denial of coverage was made without a reasonable basis in fact.

**WHEREFORE**, Plaintiff demand judgment against Defendant for an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) together with interest, costs of suit, and such other relief as the Court may deem equitable and just.

## REQUESTED RELIEF

Plaintiff demands judgment against Defendant for an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) together with interest, costs of suit, and such other relief as the Court may deem equitable and just.

Respectfully submitted,

WHEELER DIULIO & BARNABEI, P.C.

/s/ Era Kryeziu
Era Kryeziu, Esquire
Attorney ID: 99925
1650 Arch Street
Suite 2200
Philadelphia, PA 19103
(215) 971-1000
ekryeziu@wdblegal.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues herein.

/s/ Era Kryeziu
Era Kryeziu, Esquire

Dated: March 11, 2026

## VERIFICATION

I, Era Kryeziu, counsel for Plaintiff, verify that the statements contained in the foregoing document are true and correct to the best of my knowledge, information and belief, and are made subject to the penalties of 28 U.S. Code § 1746 (2), relating to unsworn falsification to authorities.

Respectfully,

WHEELER DIULIO & BARNABEI, P.C.

 /s/ Era Kryeziu
Era Kryeziu, Esquire
Attorney ID: 99925
1650 Arch Street
Suite 2200
Philadelphia, PA 19103
(215) 971-1000
ekryeziu@wdblegal.com
*Attorney for Plaintiff*

Dated: March 11, 2026